**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DONNELL DONALDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13CV97 CDP |
| | ) | |
| NORTHEAST CORRECTIONAL CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Donnell Donaldson (registration no. 1096616), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.00. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $25.00, and an average monthly balance of less than $25.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.00, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Defendants are officials at Northeast Correctional Center ("NECC"). Plaintiff contends that defendants harass him and issue him false conduct violations because he is a sex offender. Plaintiff claims that defendant Raspberry threatened to hurt him and that he pulled on plaintiff's arms while he was handcuffed in a manner that caused him pain. Otherwise, plaintiff's allegations are limited to verbal harassment or abuse.

Plaintiff claims that defendants Knudson and NeMeyer "play with" his medications before administering them. And plaintiff alleges that defendants Feldmann and Brandy Unknown have him on suicide watch and issue him medications when he's "not supposed to be."

**Discussion**

A suit against NECC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference,

plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff's vague and conclusory allegations regarding his medical care do not rise to this level.

Additionally, plaintiff's allegations do not rise to the level of a constitutional violation. See Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right."); Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam) (claims of false conduct violations not actionable under § 1983).

For each of these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of November, 2013.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE